The Honorable Scott Hunter Prosecuting Attorney 319 N. Second Street Blytheville, AR 72316-0627
Dear Mr. Hunter:
This is in response to Deputy Prosecuting Attorney Bruce Harlan's request for an opinion regarding the appointment of a Chief of Police.
Mr. Harlan notes in his request that an alderman has applied for the Chief of Police position, and that the salary attached to this position was increased by $50.00 per month through a general budget amendment during the last six months. He has asked whether an alderman can be appointed Chief of Police and whether the indirect pay increase of $50.00 per month would violate A.C.A.14-42-107(a)(1).
Arkansas Code of 1987 Annotated 14-42-107 states in pertinent part as follows under subsections (a)(1) and (2):
 (a) (1) No Alderman or member of any council of a municipal corporation shall, during the term for which he shall have been elected or one (1) year thereafter, be appointed to any municipal office which was created or the emoluments of which shall have been increased during the time for which he may have been elected.
 (2) No Alderman or council member shall be appointed to any municipal office, except in cases provided for in this subtitle, during the time for which he may have been elected.
I assume that the salary increase occurred during this alderman's term of office. It is my opinion that the above-cited provisions of A.C.A. 14-42-107 will preclude the alderman's appointment as Chief of Police, and that his ineligibility for this position will continue for one (1) year beyond his term as alderman.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.